**ENTERGY MISSISSIPPI, INCORPORATED, Petitioner–Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent–Cross Petitioner.**

No. 12–60644.

United States Court of Appeals, Fifth Circuit.

Aug. 1, 2014.

George Phillip Shuler, III, Esq., Sarah Voorhies Myers, Esq., Chaffe McCall, L.L.P., Benjamin Hayden Banta, Attorney, Ian H. Hlawati, Esq., Entergy Services, Incorporated, New Orleans, LA, for Petitioner–Cross Respondent.

Linda Dreeben, Esq., Deputy Associate General Counsel, Jill A. Griffin, Esq., Supervisory Attorney, Elizabeth Ann Heaney, Esq., M. Kathleen McKinney, Milakshmi Varuni Rajapakse, Esq., National

Labor Relations Board, Washington, DC, for Respondent–Cross Petitioner.

Before DAVIS, SMITH, and ELROD, Circuit Judges.

PER CURIAM: *

We are petitioned to review an order of the National Labor Relations Board (the "Board") regarding a unit-clarification petition by petitioner cross-respondent Entergy Mississippi, Incorporated ("Entergy"). The Board moves this court to vacate the order and remand for further consideration because, under *NLRB v. Noel Canning,* —— U.S. ——, 134 S.Ct. 2550, 189 L.Ed.2d 538 (2014), the Board lacked a quorum. The Board also requests issuance of the mandate forthwith so that it "may promptly exercise jurisdiction over the matter." Entergy opposes the motion "[a]nd, instead, . . . respectfully requests that the Court lift the stay of this case and consider the statutory arguments underlying this appeal, only considering the constitutional questions if necessary, in accordance with" *D.R. Horton, Inc. v. NLRB,* 737 F.3d 344 (5th Cir.2013).

The Board's request is consistent with our practice where the Board has acted without lawful authority. For example, in *Bentonite Performance Mineral LLC v. NLRB,* 382 Fed.Appx. 402, 403 (5th Cir.

2010) (per curiam), citing *New Process Steel, L.P. v. NLRB,* 560 U.S. 674, 130 S.Ct. 2635, 177 L.Ed.2d 162 (2010), we vacated and remanded for further proceedings. Almost every circuit has vacated and remanded in light of *Noel Canning,*[1] and we see no reason to depart from that practice.

The motion to vacate and remand is GRANTED. The petition for review is GRANTED, the order is VACATED, and this matter is REMANDED for further proceedings as needed. The motion to issue the mandate forthwith is GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See NLRB v. Salem Hosp.,* No. 12–3632 (3d Cir. July 3, 2014); *NLRB v. Dover Hospitality Servs., Inc.,* No. 13–2307 (2d Cir. July 2, 2014); *DirecTV Holdings, LLC v. NLRB,* Nos. 12–72526, 12–72639 (9th Cir. July 2, 2014); *Int'l Union of Operating Eng'rs, Local 627 v. NLRB,* Nos. 13–9547, 13–9564 (10th Cir. July 2, 2014); *Relco Locomotives, Inc. v. NLRB,* No. 13–2722 (8th Cir. July 1, 2014).